## CIRCUIT COURT OF THE CITY OF RICHMOND

Howard H. Carwile, Jr.,
Guardian of Lacy S. Carwile,
Incapacitated

v.

Lacy S. Carwile,
Incapacitated

January 24, 1997

Case No. HH-607-4

BY JUDGE RANDALL G. JOHNSON

Howard H. Carwile, Jr., guardian of Lacy S. Carwile, seeks the court's aid and guidance with respect to the transfer of certain real and personal property of his ward. Specifically, the guardian seeks the court's permission to transfer to himself the fee simple interest in two parcels of real estate, including a mobile home or camper on the property, and a wristwatch, all of which are property of the ward. Such transfers are to be in lieu of the guardian's commission. The court cannot approve the transfers.

Virginia Code § 8.01-67 *et seq.* prescribes two methods by which real estate of a person under a disability can be transferred. Under the first method, a bill in equity must be filed naming specified classes of people as parties defendant. Va. Code § 8.01-69. Under the second method, there must be a finding that the ward's personal estate is insufficient for the discharge of his debts or the maintenance of his family. Va. Code § 8.01-78. The requirements of neither statute have been satisfied here.

The guardian argues that the court should approve the transfers because while he cannot show that they are needed to pay the ward's debts or to maintain his family under § 8.01-78, compliance with § 8.01-69 will end up costing more than the property is worth. This is because some or all of the people who have to be made parties to the proceeding are also incapacitated and will need guardians *ad litem* appointed for them. The guardian asserts that

by the time all of the guardians *ad litem* and other fees and costs are paid, there will be a negative return on the sales. The court has no reason to believe that what the guardian says is not accurate. Still, approval cannot be given.

In enacting the statutes referred to above, the General Assembly had to have been aware of situations just like this one. Still, § 8.01-78 removes the bill in equity and notice provisions only when a transfer is needed to pay debts or support the ward's family. In all other cases, the legislature has decided to require that other interested persons have a say in what happens to the ward's real property. No exceptions are made, even for cases like this one. The court cannot make an exception here.

With regard to the wristwatch, the court is not aware of any procedure allowing the type of transfer sought. In light of the general prohibition of fiduciaries acquiring interests in their ward's property, the court will also not approve that transfer.